# OPERATING AGREEMENT
# OF
# HOTEL JULIETTE LLC
**A Wyoming Limited Liability Company**

## SECTION I.
## OFFICES

1.1 **Principal Office.** The principal office of the company shall be located at 58 North Side Creek, Buffalo, Wyoming 82834. The company may have such other offices, at any location, as the members of the company may designate or as the business of the company may require.

1.2 **Registered Office.** The registered office of the company shall be located at 75 N. Main Street, Buffalo, Wyoming 82834. The registered office of the company, as required by the Wyoming Limited Liability Act (the "Act") to be maintained in the State of Wyoming, may be, but need not be, identical with the principal office, and may be changed from time to time as allowed by law.

## SECTION II.
## MEMBERS

2.1 **Classes of Membership.** There shall be one (1) class of membership in the company. Members of the company shall have the rights and limitations set forth herein.

2.2 **Membership Interests of Members.** The members shall own interests in the company in proportion to their respective contributions to the capital of the company, as adjusted from time to time to properly reflect any additional contributions, transfers between members or withdrawals by the members.

2.3 **Annual Meeting of Members.** The annual meeting date for the members of the company shall be held on the second Monday in the month of January each year, at 5:00 p.m., provided that the meeting date and time may be changed from time to time by agreement of all members. If the day fixed for the annual meeting is a legal holiday, such meeting shall be held on the next succeeding business day. Such meeting may be accomplished pursuant to Section 2.11 below.

2.4 **Special Meetings.** Special meetings of the members, for any purpose or purposes, unless otherwise prescribed by statute, may be called by a majority of the

EXHIBIT 11

members, or by the holder or holders of at least fifty percent (50%) of the membership interests in the company.

**2.5 Notice of Meeting.** Written or telephonic notice stating the place, day and hour of the meeting and, in case of a special meeting, the purposes for which the meeting is called shall be delivered no less than three (3) days before the date of the meeting, either personally or by mail, to each member of record entitled to vote at such meeting. If mailed, such notice shall be deemed to be delivered when deposited in the United States Mail, addressed to the member at his or her address as it appears on the books of the company, with postage thereon prepaid. When all members of the company are present at any meeting of the members, or if those present sign a waiver of notice of such meeting, or subsequently ratify all the proceedings thereof, the transactions of such meeting are as valid as if a meeting were formally called and notice had been given.

**2.6 Quorum.** At any meeting of the members, sixty-six percent (66%) of the membership interests in the company, represented in person or by proxy, shall constitute a quorum. If less than sixty-six percent (66%) of the membership interests are represented at a meeting, no business may be conducted. At a meeting in which more than sixty-six percent (66%) of the membership interests are represented, no business may be conducted after the time there is no longer sixty-six percent (66%) of the membership interests represented by persons present.

**2.7 Proxies.** At all meetings of members, a member may vote by proxy executed in writing by the member or by his or her duly authorized attorney-in-fact. Such proxy shall be filed with the members of the company before or at the time of the meeting. No proxy shall be valid after three (3) months from the date of execution, unless otherwise provided in the proxy.

**2.8 Voting by Certain Members.** Membership interests in the company held in the name of a corporation, partnership, trust or company may be voted by such officer, partner, agent or proxy as the by-laws of such entity may prescribe or as the board of directors, partners or trustees of such entity may determine. Membership interests held by a trustee, personal representative, administrator, executor, guardian or conservator may be voted by him, either in person or by proxy.

**2.9 Formal Action by Members.** Unless otherwise specified, the act of the members with a majority of the membership interests present at a meeting of the members at which a quorum is present shall be the act of the members.

**2.10 Presumption of Assent.** A member of the company who is present at a meeting of the members, at which action on any matter is taken, shall be presumed to have assented to the action taken, unless his or her dissent shall be entered in the minutes of the

meeting or unless he or she shall file his or her written dissent to such action with the person acting as the secretary of the meeting before the adjournment thereof or shall forward such dissent by certified mail to the secretary of the meeting immediately after the adjournment of the meeting. Such right to dissent shall not apply to a member who voted in favor of such action.

**2.11** **Informal Action of Members.** Unless otherwise provided by law, any action required to be taken at a meeting of the members, or any other action which may be taken at a meeting of the members, may be taken without a meeting if a consent in writing, setting forth the action so taken, shall be signed by all the members entitled to vote with respect to the subject matter thereof.

**2.12** **Telephonic Meeting.** Members of the company may participate in any meeting of the members by means of conference telephone or similar communication if all persons participating in such meeting can hear one another for the entire discussion of the matters to be voted on. Participation in a meeting by telephone shall constitute presence in person at such meeting.

**2.13** **Contracts With Interested Members.** It is anticipated that the company may, from time to time, enter into contracts and transactions with members of the company or with entities in which members own interests, but only if approved by all members of the company. Therefore, the company and its members, or entities in which members own interests, may enter into such contracts and transactions as are reasonable and fair to both parties, if approved by all members of the company, and no such contract or transaction entered into by the company shall be affected by the fact that a member is personally interested in it.

## SECTION III.
## MANAGEMENT

**3.1** **Manager.** Management of the company shall be exclusively reserved to the members.

**3.2** **Officers and Agents.**

(a) **Election of Officers and Agents.** From time to time, members of the company may elect such officers and agents of the company, upon such terms and with such duties and responsibilities as the members deem necessary or desirable. Officers of the company need not be members of the company, nor residents of the State of Wyoming.

(b) **Removal of Officers and Agents.** Any officer or agent elected or appointed by the members may be removed by the members whenever, in the judgment of the members, the best interests of the company would be served thereby, but such removal shall be without prejudice to the contract rights, if any, of the officer or agent so removed.

**3.3 Salaries and Bonuses.** The salaries of the officers or agents of the company shall be fixed from time to time by the members, and no officer or agent shall be prevented from receiving such salary by reason of the fact that he is also a member of the company. The officers and agents shall be entitled to receive bonuses in such form and amount as the members shall reasonably decide.

**3.4 Reimbursement.** Officers or agents of the company shall receive reimbursement for expenses reasonably incurred in the performance of their duties. No officer or agent shall be prevented from receiving such reimbursement by the reason of the fact that he is also a member of the company.

**3.5 Contracts with Interested Officers.** It is anticipated that the company may from time to time enter into contracts with officers or with entities in which officers own interests. Therefore, the company and its officers, or entities in which or officers own interests, may enter into such contracts and transactions as are reasonable and fair to both parties, and no such contract or transaction entered into by the company shall be affected by the fact that a officer of the company is personally interested in it.

**3.6 Resignation.** An officer or agent may resign at any time. Such resignation will be made in writing and will take effect at the time specified therein, or, if no time is specified, at the time of its receipt by the company, with a copy to all members. The acceptance of a resignation will not be necessary to make it effective, unless expressly so provided in the resignation.

## SECTION IV.
## FISCAL MATTERS

**4.1 Fiscal Year.** The fiscal year of the company shall begin on the first day of January and end on the last day of December each year, unless otherwise determined by resolution of the members.

**4.2 Deposits.** All funds of the company shall be deposited from time to time to the credit of the company in such banks, trust companies or other depositories as the members may select.

**4.3 Checks, Drafts, Etc.** All checks, drafts or other orders for the payment of money, and all notes or other evidences of indebtedness issued in the name of the company shall be signed by such members or officers as the members may by resolution or other action specify.

**4.4 Loans.** No loans shall be contracted on behalf of the company and no evidences of indebtedness shall be issued in its name unless authorized by a resolution of all the members. Such authority may be general or confined to specific instances.

**4.5 Contracts.** The members may authorize any member, officer, or agent of the company to enter into any contract or execute any instrument in the name of and on behalf of the company, and such authority may be general or confined to specific instances.

**4.6 Accountant.** One or more accountants may be selected from time to time by the members to perform such tax and accounting services as may be required. The accountant may be removed by the members without cause.

**4.7 Legal Counsel.** One or more attorneys at law may be selected from time to time by the members to review the legal affairs of the company and to perform such other services as may be required and to report to the members with respect thereto. The legal counsel may be removed by the members without cause.

## SECTION V.
## BOOKS AND RECORDS

**5.1 Books and Records.** The books and records of the company shall be kept at the principal office of the company or at such other places as the members shall from time to time determine.

**5.2 Right of Inspection.** The rights of members and dissociated members to information shall be as provided by Wyoming Statute § 17-29-410.

**5.3 Financial Records.** All financial records shall be maintained and reported based on generally acceptable accounting practices, and otherwise required by law, as approved by the members.

## SECTION VI.
## MEMBERSHIP INTERESTS

**6.1 Membership Interest Percentages.** The initial cash contributions to capital of the Company which have been made by the members of the Company and the membership interests in the Company are as follows:

| Members | Percentage of Membership Interest | Contribution Amount |
|---|---|---|
| Luis Elizondo | 50% | $40,000.00 |
| Tucker Alger | 50% | $40,000.00 |
| **Total** | **100%** | **$80,000.00** |

**6.2** **Additional Contributions to Capital.** Additional contributions to capital of the company from those described above may be made as the members, by unanimous vote of the membership interests, determine it advisable for the operation of the company. Alternatively, members may make loans to the company, and such loans shall be repaid to members prior to distributions of capital to any member. The members shall make additional capital contributions in the amounts determined necessary by unanimous vote of the membership interests, in cash, in the proportions in which they then share membership of the company. In the event all membership interests of the company determine that additional capital contributions are required by the company, and not all members make capital contributions in accordance with their membership interests, the membership interests shall be adjusted as follows: If any member contributes less additional capital than his membership share, leaving a shortfall, other members may make extra contributions to cure the shortfall, and such members shall receive in return an additional membership interest in the company in the proportion which the extra contribution bears to the sum of all initial and additional contributions to capital by all members. There shall be a corresponding decrease in the membership interest of the member who does not make a required additional contribution. Except as otherwise agree by all of the members in writing, interest owners who are not members shall not be allowed to make additional contributions to capital under this Section 6.2.

**6.3** **Record of Contributions.** The company shall, at all times, keep accurate records of the amount of contributions to capital made by each member of the company.

**6.4** **Membership Certificates.** Membership interests in the company may be represented by membership certificates, in the discretion of the members. Membership certificates, if used, shall be in such form as the members shall decide.

**6.5** **Execution of Operating Agreement.** Before any person shall be entitled to the rights of a member of the company, such person shall execute and adopt this Operating Agreement.

## SECTION VII.
## COSTS AND EXPENSES

**7.1** **Assessment of Additional Costs and Expenses.** Such additional costs and expenses as may be incurred by the company in the discretion of the members within the ordinary course of business, over and above the members' initial contributions to capital, shall be paid by the members according to their respective percentages of interest in the company.

**7.2** **Failure to Pay Costs and Expenses.** If any member fails or refuses to pay his or her share of such additional costs and expenses promptly after being invoiced therefore by the company, such unpaid amounts shall be a debt to the company, and the non-paying member's share of undistributed profits of the company or future profits of the company shall be applied to pay such additional costs and expenses before any distribution of profits shall be made to such non-paying member. If such additional costs and expenses are not paid within six months of being invoiced, members who are current in paying additional costs and expense shall have the right to reduce the Capital Account of the non-paying member in an amount equal to the outstanding obligation for costs and expenses.

**7.3** **Personal Guaranties.** To the extent required by any lender for any debt incurred by the company each member shall execute a personal guarantee in proportion to his membership interest in the company. Failure to provide such personal guarantee is cause for dissociation of the failing member upon the majority vote of the members who have executed such personal guarantees.

## SECTION VIII.
## SHARING OF PROFITS AND LOSSES; DISTRIBUTIONS

**8.1** **Profits and Losses.** Profits and losses shall be allocated on the basis of the value of contributions to the company by each member to the extent they have been received by the company and have not been returned.

**8.2** **Distributions.** Distributions shall be made on the basis of the value of contributions to the company by each member and transferee to the extent they have been received by the company and have not been returned. Distributions shall be in such amounts and at such times as the members shall from time to time direct, provided that, after distribution is made, the assets of the company are in excess of all liabilities except liabilities to members on account of contributions to capital.

## SECTION IX.
## WITHDRAWAL OF CAPITAL CONTRIBUTIONS

**9.1** **General.** A member of the company shall not be entitled to receive out of company property any part of his, her, or its contribution to capital until:

(a) All liabilities of the company, except liabilities to members on account of their contributions to capital, have been paid or there remains property of the company sufficient to pay them;

(b) All members of the company consent in writing to the withdrawal of capital contribution unless otherwise provided by law;

(c) The Articles of Organization of the company are amended so as to set out the withdrawal or reduction of capital.

**9.2** **Withdrawal of Capital Contribution Only in Cash.** Absent the unanimous written consent of the members of the company, a member, irrespective of the nature of his or her contribution, has only the right to demand and receive cash in return for his or her contribution to capital.

## SECTION X.
## TRANSFER OF MEMBERSHIP INTEREST

**10.1** **Restrictions on Transfer.** A member's interests in the company may only be transferred or assigned if all of the members of the company other than the member proposing to dispose of his or her interest approve of the proposed transfer or assignment by unanimous written consent. If all of the members of the company other than the member proposing to dispose of his or her interest do not approve of the proposed transfer or assignment by unanimous written consent, the transferee of the member's interest has no right to participate in the management of the business and affairs of the company or to become a member. The transferee is only entitled to receive the share of profits or other compensation by way of income and the return of contributions to which that member would otherwise be entitled.

**10.2** **First Right of Refusal to Purchase.** A member of the company (or any person who acquires an interest but is not a member) who desires to sell his or her interest in the company shall give the right of first refusal to purchase his or her interest to the remaining members of the company on the same price and terms as that being offered by a bona fide buyer. Each member may elect to purchase that percentage of the membership being sold which is obtained by dividing the electing member's respective percentage of membership by the total percentage of all members who elect to purchase. The selling member shall provide to the remaining members written notice of the member's intent to sell his or her interest and to withdraw as a member. If any of the remaining members give notice of their election to exercise the right to purchase within twenty (20) days of receipt

of the notice of intent to sell from the withdrawing member, then those remaining members giving such notice shall be required to close on the purchase of the withdrawing member's interest within sixty (60) days after they give notice of their election to purchase.

## SECTION XI.
## INDEMNIFICATION

**11.1** **Indemnification by Company.** The company may indemnify any person who was or is a party defendant or is threatened to be made a party defendant to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative, or investigative (other than an action by or in the right of the company) by reason of the fact that he or she is or was a member, officer, employee or agent of the company, or is or was serving at the request of the company, against expenses (including attorney's fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by him or her in connection with such action, suit or proceeding, if the members determine that he or she acted in good faith and in a manner he or she reasonably believed to be in or not opposed to the best interest of the company, and with respect to any criminal action or proceeding, had no reasonable cause to believe his or her conduct was unlawful. The termination of any action, suit, or proceeding, by judgment, order, settlement, conviction, or upon a plea of nolo contendere or its equivalent, shall not in itself create a presumption that the person did or did not act in good faith and in a manner which he or she reasonably believed to be in the best interest of the company, and, with respect to any criminal action or proceeding, had reasonable cause to believe that his or her conduct was unlawful.

**11.2** **Indemnification Funding.** The company shall fund the indemnification obligations provided by Section 11.1 in such manner and to such extent as the members may from time to time deem proper.

**11.3** **Indemnification by Member.** Any member who violates any of the terms, conditions and provisions of this Operating Agreement shall hold harmless and indemnify the company and the other members of the company from any and all claims, demands, causes of action, and costs (including reasonable attorneys' fees), of any kind and nature whatsoever which may arise out of or by reason of such violation of any of the terms and conditions of this Operating Agreement.

## SECTION XII.
## DISSOLUTION

**12.1** **<u>Dissolution</u>.** The company shall be dissolved only as required by Wyoming Statute § 17-29-701.

**12.2** **<u>Winding Up</u>.** If the company is dissolved, the company shall, consistent with Wyoming Statute § 17-29-702, continue solely for the purpose of winding up its affairs in an orderly manner, liquidating its assets, and satisfying the claims of its creditors. Known creditors and claimants may be notified as provided in Wyoming Statute § 17-29-703.

**12.3** **<u>Distribution of Assets upon Dissolution</u>.** Upon dissolution, the distribution of assets shall be as follows:

(a) In winding up its activities, a limited liability company shall apply its assets to discharge its obligations to creditors, including members that are creditors.

(b) After the company complies with subsection 12.3(a), any surplus shall be distributed in the following order, subject to any charging order in effect under Wyoming Statutes § 17-29-503:

(i) To each person owning a transferable interest that reflects contributions made by a member and not previously returned, an amount equal to the value of the unreturned contributions; and

(ii) To members of the company in respect of their contributions to capital.

## SECTION XIII.
## OPERATING AGREEMENT

**13.1** **<u>Effect</u>.** This Operating Agreement shall be executed by each member of the company (at which point they shall obtain the rights and obligations of a member) and shall set forth all of the provisions for governing the affairs of the company and the conduct of its business to the extent that such provisions are not inconsistent with the law or the Articles of Organization of the company. This Operating Agreement shall be binding upon and enure to the benefit of all of the members of the company, and their respective heirs, personal representatives, successors and assigns.

**13.2** **<u>Severability</u>.** If any provision of this Operating Agreement is declared illegal, invalid or unenforceable it will be severed if the remaining provisions of this Operating Agreement can reasonably and fairly be given effect without affecting the legal and economic substance of the transactions contemplated by this Operating Agreement in

a manner adverse to the company or any member. To the full extent, however, that the provisions of such applicable law may be waived, they are hereby waived to the end that this Operating Agreement shall be deemed to be a valid and binding agreement enforceable in accordance with its terms.

**13.3 <u>Amendment of Operating Agreement</u>.** This Operating Agreement may be amended, altered or repealed and a new Operating Agreement adopted only upon the affirmative vote of one-hundred percent (100%) of the membership interest in the company.

## RATIFICATION

**THE UNDERSIGNED**, being the sole members of Hotel Juliette LLC, a Wyoming limited liability company, hereby evidence the adoption and ratification of the foregoing Operating Agreement of the company this 26 day of December 2025. This Operating Agreement may be signed in counterparts and by facsimile.

______________________________
**Luis Elizondo, Member**

______________________________
**Tucker Alger, Member**

# MINUTES OF ORGANIZATIONAL MEETING
# OF
# HOTEL JULIETTE LLC

The organizational meeting of **Hotel Juliette LLC (DBA: Bombshells American Cantina)** was held on 26 Dec, 2025, at its office, for the purpose of adopting the Operating Agreement of the company and completing the organization of the company. Present at the meeting were Tucker Alger and Luis Elisondo, the sole members of the company.

The first order of business was a report that the Wyoming Secretary of State had filed the Articles of Organization of the company in that office on May 6, 2025, and had, on the same date, issued a certificate of organization for the company. Upon motion duly made, seconded and unanimously carried, it was

> RESOLVED, that the Articles of Organization of Hotel Juliette LLC, filed in the office of the Wyoming Secretary of State, be, and the same are, approved.

The next order of business was consideration of the proposed form of Operating Agreement which will govern the affairs of the company and the conduct of its business. Upon motion duly made, seconded and unanimously carried, the members of the company adopted the Operating Agreement by executing the same.

The next order of business was provision for payment of capital contributions and allocation of membership percentages. Luis Elisondo and Tucker Alger, will each receive 50% of the membership interests in exchange for their capital contributions as described in the Operating Agreement.

The next order of business, and as required under Section 4.4 of the Operating Agreement, was to approve a loan from member Luis Elisondo to company in an amount

of $130,000.00. This loan is to be repaid prior to any distributions of profits to members. Upon motion duly made, seconded, and unanimously carried, it was

> RESOLVED, that the foregoing loan is approved and that the members ratify that the funds have been received by the company. Further, that repayment of this loan shall occur before any distributions of profits are paid to the members.

**Commented [PG1]:** Could add payment terms as well. But, seems like you guys need to keep this flexible for now.

There being no further business to come before the meeting, the meeting was declared adjourned.

The undersigned members of **Hotel Juliette LLC** hereby waive notice of the organizational meeting of the company reflected by the foregoing minutes and further ratify and approve all actions taken at the organizational meeting.

Luis Elizondo, Member

Tucker Alger, Member