**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| **LUIS ELIZONDO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 1:26-cv-00263-SWS** |
| | ) | |
| **TUCKER ALGER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT TUCKER ALGER'S MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff cannot obtain dissolution of Hotel Juliette LLC, compel an accounting of its property, direct payment of its alleged debt, or declare its contractual rights without making the LLC a party. Wyoming law treats a limited liability company as an entity distinct from its members. **Wyo. Stat. § 17-29-104(a) (2017)**. The Complaint nevertheless names only Tucker Alger as Defendant while requesting relief directed at the LLC, its assets, and its contracts.

The Complaint also defeats its effort to hold Defendant personally liable for the alleged $130,000 loan. It alleges that Plaintiff loaned the money to Hotel Juliette LLC and that repayment must come from the LLC's assets. The Operating Agreement likewise provides that member loans are loans to the company and

are repaid before capital distributions. Wyoming law provides that an LLC's debts are solely its own and do not become a member's debts merely because of the member's status or conduct as a member or manager. **Wyo. Stat. § 17-29-304(a)(i)&(ii) (2016)**.

Finally, the fiduciary-duty count does not plead a direct injury distinct from injury to the LLC, and the declaratory-judgment count cannot resolve the rights of the absent LLC. The challenged claims should be dismissed.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this action on September 8, 2026, naming Tucker Alger as the sole Defendant in the caption. The Complaint alleges that Plaintiff and Defendant each hold a fifty-percent membership interest in Hotel Juliette LLC. The Operating Agreement confirms those equal membership interests and provides that management is reserved to the members.

Plaintiff alleges that he made a $130,000 loan to Hotel Juliette LLC. Count II expressly relies on Section 6.2 of the Operating Agreement and seeks repayment from the LLC's assets. The organizational minutes similarly describe the transaction as a loan from member Luis Elizondo to company and state that repayment precedes distributions to members.

The Complaint seeks an order dissolving Hotel Juliette LLC and appointing a liquidating trustee to wind up the LLC's affairs. It also seeks an accounting of the LLC's assets, liabilities, and transactions; payment of the alleged loan from the LLC's assets; and restrictions upon distributions of LLC property. The

declaratory-judgment count asks the Court to determine the right to dissolve the LLC, the priority of the alleged company loan, and the authority to extend a lease held by the LLC.

## III. LEGAL STANDARD

A complaint is subject to dismissal when its face establishes that the plaintiff is not entitled to relief. Wyoming follows notice pleading, but the complaint must still plead operative facts giving fair notice of a legally cognizable claim. ***Johnson v. Aetna Casualty & Sur. Co.,* 608 P.2d 1299, 1302 (1980)**. Conclusory allegations do not suffice when the pleaded facts do not establish conduct supporting the asserted claim. ***Gillis v. F&A Enterprises*, 934 P.2d 1253 (Wyo. 1997)**.

In resolving a motion to dismiss, the Court may consider documents referenced in the complaint when they are central to the plaintiff's claims and their authenticity is not disputed. ***Peterson v. Laramie City Council*, 2024 WY 23, P17 (2024)**. The Operating Agreement and organizational minutes are attached to and expressly relied upon in the Complaint as the basis for the alleged loan and the parties' rights concerning the LLC.

Rule 19 requires a three-step inquiry: whether the absent person must be joined, whether joinder is feasible, and, if joinder is not feasible, whether the action may proceed or must be dismissed. ***Prancing Antelope I, LLC v. Saratoga Inn Overlook Homeowners Ass'n*, 2021 WY 3, P50 (2021)**. A person is required when complete relief cannot be accorded in that person's

absence or when adjudication may impair that person's ability to protect an interest relating to the action or expose an existing party to inconsistent obligations. ***Estate of Fisher v. Fisher*, 2023 WY 25, P24 (2023)**. If the absent person cannot be joined, the Court considers prejudice, the ability to lessen that prejudice, the adequacy of a judgment entered in the person's absence, and whether the plaintiff has an adequate remedy following dismissal. ***Estate of Fisher v. Fisher*, 2023 WY 25, P24 (2023)**.

## IV. ARGUMENT

**A.** Hotel Juliette LLC Is a Required Party to the Dissolution, Accounting, Loan-Repayment, and Declaratory-Judgment Claims.

Hotel Juliette LLC is not merely a passive or nominal stakeholder. It is the entity Plaintiff asks the Court to dissolve, whose activities Plaintiff asks the Court to wind up, whose financial affairs Plaintiff asks the Court to examine, and whose assets Plaintiff asks the Court to distribute.

Wyoming law recognizes an LLC as an entity distinct from its members. **Wyo. Stat. § 17-29-104(a) (2017)**. An order directed at Defendant cannot substitute for a judgment binding the LLC concerning its existence, property, liabilities, and contracts.

The dissolution claim directly concerns the LLC's legal existence. Wyoming law authorizes dissolution upon a member's application when the company's activities are unlawful, when it is not reasonably practicable to carry on those activities in conformity with the governing documents, or when those in

control engage in specified illegal, fraudulent, or oppressive conduct. **Wyo. Stat. § 17-29-701 (2010)**. Upon dissolution, the LLC continues for the purpose of winding up and must discharge its debts, settle its activities, and marshal and distribute its assets. **Wyo. Stat. § 17-29-702(b)(i) (2010).** The company also retains authority to prosecute and defend proceedings during that process. **Wyo. Stat. § 17-29-702(b)(ii) (2010)**.

The accounting and repayment claims likewise concern the LLC directly. Plaintiff asks the Court to determine the LLC's assets, liabilities, and transactions and then order payment from those assets. Wyoming's winding-up statute requires an LLC to apply its assets to its creditors, including members who are creditors, before distributing any surplus. **Wyo. Stat. § 17-29-708 (2017)**. The Court cannot determine and direct the use of Hotel Juliette LLC's assets while leaving the entity outside the action.

The LLC also has interests in its lease and management authority. The commercial lease identifies Hotel Juliette LLC as the lessee. Plaintiff nevertheless asks for a declaration that Defendant cannot extend that lease on the LLC's behalf. Such a declaration necessarily determines the LLC's contractual authority and obligations.

Complete relief therefore cannot be accorded among the existing parties without Hotel Juliette LLC. Adjudicating these claims without the LLC would also impair its ability to protect its property and contractual interests and could expose the existing parties to inconsistent obligations. Those

circumstances make the LLC a required party. ***BTU Western Res., Inc. v. Berenergy Corp.*, 2019 WY 57 (2019)**.

The Court should order joinder if feasible. If joinder is not feasible, the Court should apply Rule 19's governing factors and dismiss the claims that cannot equitably proceed without the LLC. ***Grove v. Pfister*, 2005 WY 51, P7 (2005)**.

## B. The Complaint Does Not State a Claim Holding Defendant Personally Liable for the LLC's Alleged Loan.

Count II alleges that Plaintiff made a $130,000 loan to Hotel Juliette LLC. It does not allege that Plaintiff loaned that amount to Defendant personally. It asks that repayment be ordered from the LLC's assets, not from Defendant's personal assets.

That characterization is consistent with the documents on which Count II relies. Section 6.2 of the Operating Agreement provides that members may make loans "to the company" and that those loans are repaid before distributions of capital. The organizational minutes approve a loan from member Luis Elizondo to company in the amount of $130,000. The LLC's account list records a $130,000 note payable to Plaintiff as a long-term liability of the company.

Wyoming law provides that the debts and obligations of an LLC are solely the company's debts and do not become the debts of a member or manager merely because that person acts as a member or manager. **Wyo. Stat. § 17-29-304 (2016)**. Personal liability for an LLC obligation is evaluated only through fraud, inadequate capitalization, legally required company formalities, and intermingling so extensive that no distinction remains between the company and its members; no single factor other than fraud is sufficient. **Wyo. Stat. § 17-29-304(c) (2016)**.

The Complaint does not plead that Defendant guaranteed the $130,000 company loan. The Operating Agreement's personal-guaranty provision confirms that a member must execute a personal guaranty only to the extent a lender requires one for company debt. No executed guaranty by Defendant is alleged or attached.

Nor does Count II plead facts bringing the alleged company debt within the statutory grounds for member liability. The allegation that Defendant has "refused" to repay the company loan cannot transform the LLC's contractual obligation into Defendant's personal debt. Count II should therefore be dismissed against Defendant to the extent it seeks personal recovery from him.

### C. The Breach-of-Fiduciary-Duty Claim Does Not Plead a Direct Claim Belonging to Plaintiff.

Wyoming law provides that a member of a member-managed LLC owes duties to the company and, subject to the statutory limitation on direct actions, to other members. **Wyo. Stat. § 17-29-409 (2010)**. A member asserting a direct action must plead and prove an actual or threatened injury that is not solely the result of injury suffered or threatened by the LLC. **Wyo. Stat. § 17-29-901 (2010)**.

Count III identifies alleged conduct involving repayment of the LLC loan, operation and dissolution of the company, termination of the company's accounting services, opening of a company bank account, and compliance with the company's insurance audit. Those allegations concern Hotel Juliette LLC's debts, governance, accounts, vendors, and insurance. The Complaint does not identify an injury to Plaintiff from that conduct that is separate from the alleged injury to the LLC.

The statutory duty of loyalty includes accounting to the company for benefits derived from company activities or property, refraining from acting for an adverse interest when dealing with the company, and refraining from competing with the company before dissolution. **Wyo. Stat. § 17-29-409 (2010)**. Count III does not plead facts placing Defendant's alleged conduct within those identified duties. Instead, it labels disputed company-management decisions and the alleged nonpayment of a company debt as breaches of fiduciary duty.

The generalized allegation that Defendant failed to act in the best interests of the LLC and its members is conclusory. Conclusory allegations unsupported by facts establishing the asserted wrongful conduct do not state a claim. ***Story v. State*, 2001 WY 3, P18 (2001)**. Because the Complaint does not plead a direct, non-derivative injury to Plaintiff or facts establishing breach of the identified statutory duties, Count III should be dismissed.

**D. The Declaratory-Judgment Claim Does Not Present a Justiciable Controversy Between Plaintiff and Defendant Alone.**

A declaratory-judgment plaintiff must present a justiciable controversy. That requires existing and genuine rights or interests, a controversy upon which the judgment can effectively operate, a determination having the effect of a final judgment upon the rights or legal relationships of real parties in interest, and genuinely adversarial proceedings. ***Leavitt v. Wyo. DOT*, 2017 WY 149, P7 (2017)**. The first two requirements demand allegations of a tangible interest that has been harmed and a judicial decision that will effectively remedy that harm. ***Leavitt v. Wyo. DOT*, 2017 WY 149, P7 (2017)**.

Count V seeks declarations concerning the dissolution of Hotel Juliette LLC, repayment of the LLC's alleged debt, and authority to extend the LLC's lease. Each requested declaration determines the rights, liabilities, or contractual

authority of Hotel Juliette LLC. But the LLC has not been named in the caption or joined as a party.

A declaration entered solely between Plaintiff and Defendant cannot effectively and finally adjudicate the absent LLC's existence, debt-payment obligations, or lease rights. The problem is particularly clear as to the alleged loan: Defendant is neither alleged to be the borrower of the $130,000 company loan nor alleged to have executed a personal guaranty. A party that is neither a contracting party nor a guarantor does not present a justiciable controversy concerning its personal liability under the contract. ***Southwestern Pub. Serv. Co. v. Thunder Basin Coal Co.*, 978 P.2d 1138, 1143-1144 (1999)**.

Count V should therefore be dismissed for failure to plead a justiciable controversy between the existing parties and for failure to join the LLC whose legal rights would be determined.

## E. The Appropriate Relief Is Dismissal or, at Minimum, Joinder of the LLC Before the Action Proceeds.

The Rule 19 analysis begins by determining whether the absent person must be joined. If the person can be joined, the Court orders joinder; if joinder is not feasible, the Court determines whether the action should proceed or be dismissed. ***Prancing Antelope I, LLC v. Saratoga Inn Overlook Homeowners Ass'n*, 2021 WY 3, P50 (2021)**.

Hotel Juliette LLC is required for the claims seeking dissolution, winding up, an accounting, repayment from company assets, and declarations concerning the company's lease and governance. If joinder is feasible, Plaintiff should be required to join and serve the LLC before those claims proceed. If joinder is not feasible, the claims should be dismissed without prejudice because a judgment entered without the LLC would directly affect its existence, assets, debts, and contractual rights.

Regardless of joinder, the request to impose personal liability upon Defendant for the LLC's alleged $130,000 loan should be dismissed under Rule 12(b)(6). The pleaded documents characterize the debt as the LLC's obligation, and the Complaint alleges no personal guaranty or statutory basis for imposing that debt upon Defendant.

## CONCLUSION

Defendant Tucker Alger respectfully requests that the Court:

**1.** Dismiss Counts I, II, and V under Rules 12(b)(7) and 19 unless Hotel Juliette LLC is joined as a party;

**2.** If joinder is not feasible, dismiss without prejudice all claims requiring adjudication of Hotel Juliette LLC's existence, assets, debts, contracts, or governance;

**3.** Dismiss under Rule 12(b)(6) Count II and any other claim to the extent it seeks to impose personal liability upon Defendant for the alleged $130,000 debt of Hotel Juliette LLC;

**4.** Dismiss Counts III and V under Rule 12(b)(6); and

**5.** Grant such other relief as the Court deems just and proper.

**DATED** this 2nd day of October 2026.

Respectfully submitted,

/s/ *Seth Shumaker*

______________________________

Seth Shumaker WSB 6-3818
2 N. Main, Ste. 103
Sheridan, WY 82801
307 675-1233
sheridanwyolaw@gmail.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I certify that on October 2, 2026, I filed the foregoing **Defendant Tucker Alger's Motion to Dismiss Plaintiff's Complaint and Memorandum in Support** with the Clerk of the United States District Court for the District of Wyoming using the Court's electronic filing system, which served notice upon all counsel of record, including:

Bradley L. Booke
Attorney for Plaintiff Luis Elizondo

/s/ *Seth Shumaker*

______________________________

Seth Shumaker